IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JOHN WAYNE HUBBARD, | ] |
| Petitioner, | ] |
| v. | ] CIVIL ACTION NO. 03-SLB-RRA-0066-J |
| WARDEN WILLIE THOMAS, et al., | ] |
| Respondents. | ] |

**MEMORANDUM OPINION**

This is a habeas corpus petition. The magistrate judge entered a report and recommendation recommending that the respondents' motion for summary judgment be granted and the action dismissed. The petitioner, through counsel, filed objections.

Hubbard objects to the conclusions made by the magistrate judge on Claims 3, 4, and 6. In Claims 3 and 4, Hubbard alleged that the trial court erred in refusing to charge the jury pursuant to Ala. Code § 15-25-36, "that the child, Brandi Harris', out-of-court recorded statement was taken without the Defendant being afforded the right to cross-examination (Claim 3); and that the trial court erred in "reopening the case to allow the out-of-court recorded statement of Brandi Harris, the alleged victim, after closing arguments, both parties had rested, the jury charged, and the jury in deliberations." (Claim 4). The magistrate judge concluded that, because the claims relate to issues of state law, this court is bound by the state court's determination that the claims are without merit, unless the petitioner's trial or sentence were rendered fundamentally unfair by the state court's findings. The Alabama Court of Criminal Appeals found on direct appeal that the claims were not preserved for review. The court also found that Hubbard's claim that the trial court erred in

reopening the case was without merit. The magistrate judge concluded that the claims were due to be dismissed because Hubbard had not cited any authority from the United States Supreme Court or that Eleventh Circuit Court of Appeals indicating that he had a constitutional right to have the jury charged on Ala. Code § 15-25-36 or to have the recording of the victim's statement kept from the jury.

In his objections, Hubbard argues that "the Petitioner's trial was certainly rendered fundamentally unfair" because the jury "had not been instructed as to how much weight to give the out-of-court recorded statement which was not subject to cross-examination." Hubbard's conclusory allegation of fundamental unfairness is insufficient to require this court to re-examine the state court's findings on issues of state law.

The magistrate judge further concluded that even if Hubbard's claims could be considered by this court, the claims were barred by procedural default. On direct appeal, the Alabama Court of Criminal Appeals held that the claim that the trial court erred in not giving the jury an instruction under Ala. Code § 15-25-36 was not preserved for review because his request for the instruction was untimely. The petitioner claims that he could not have requested the instruction earlier, because it was not until after the jury began deliberations that the jury asked for, and was provided with, a copy of the transcript. However, it appears that the trial court's point was that the request for the instruction should have been made when the prosecutor and the social worker read the transcript of the interview with the victim into the record.

The appellate court further held that the claim that the trial court erred in "reopening" the case after the jury had begun deliberations, to allow the transcript into evidence, was not preserved for review, because Hubbard never objected on the grounds that the trial court was effectively re-

2

opening the case and admitting the transcript into evidence. The petitioner's objection is based upon his belief that the appellate court found the claim to be barred because an objection at trial was untimely. However, the appeals court found that the objection was never made.

Finally, the appellate court held that the petitioner's contention that the trial court erred in admitting the transcript into evidence without making a specific finding of trustworthiness under Ala. Code § 15-25-32(2)(a), was not preserved for review because he "also failed to raise this objection at trial." The court of appeals went on to find that even if the claim had been properly preserved for review, it was without merit. Specifically, the court found that although technically, the trial court erred in reopening the case after deliberations had started, the error was harmless because the transcript of the testimony had been read to the jury, verbatim and in its entirety, during the state's case-in-chief. The petitioner objects to this finding by the appellate court. However, since the court found the claim to be procedurally barred, the objection to the appellate court's decision on the merits has no bearing on this proceeding.

As to Claim 6, the 16 alleged instances of ineffective assistance of counsel, the magistrate judge recommended that the claim be dismissed as procedurally barred because Hubbard did not raise the claims on appeal from the denial of his Rule 32 petition. The petitioner argues that the ineffective assistance of counsel claims were raised on appeal, because the petitioner made "several references and arguments in regards to the circuit judges' [sic] refusal to grant the Petitioner's claim for ineffective assistance of counsel." Hubbard's only mention of ineffective assistance of counsel occurred in the three pages of argument supporting Issue I of his appeal:[1]

---

[1] Issue I was "[w]hether or not the trial court erred in failing to hold an evidentiary hearing on appellant's claims and to fully adjudicate the issues presented for review."

> Appellant John Wayne Hubbard, Jr. included specific facts concerning each allegation of ineffective assistance of counsel [regarding] both his trial [counsel] and [his] appellate counsel, (CR-15-61). Appellant submits that a simple reading of the petition, assuming every allegation to be true, shows that his petition is meritorious on its face and none of his claims of ineffectiveness of trial and appellate counsel are precluded. *See Glass v. State*, 627 So. 2d 1096 (Ala. Crim. App. 1993).

(Hubbard's Brief on Appeal from Denial of Rule 32 Petition, Resp. Ex. A-3, p. 4.) Clearly, Hubbard did not raise the claims individually and with specificity on appeal, as he did in his Rule 32 petition and as he has done in this court. Rather, he mentioned the ineffective assistance of counsel claims only in general terms, in support of his argument that the trial court erred in failing to hold an evidentiary hearing. This was insufficient to consider the claims individually raised on appeal.

However, even assuming that the claims were adequately raised on appeal, the claims are still due to be dismissed because they were either found by the trial court to be procedurally barred, *see Harris v. Reed*, 489 U.S. 255, 263 (1989), or because the trial court denied the claims on the merits and Hubbard has not shown that the adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)and (2). *See Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *cert. denied*, 119 S. Ct. 811 (1999).

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

Done this 24th day of March, 2006.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE